UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID WRZESINSKI, et al., )
)
               Plaintiffs, )    Case No.: 2:10-cv-02085-GMN-GWF
vs. )
)    **ORDER**
WELLS FARGO BANK, N.A., et al., )
)
               Defendants. )
)

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (ECF No. 3) and the Court's Notice of Intent to Dismiss Pursuant to Rule 4(m) (ECF No. 12). For the reasons that follow, the Motion to Dismiss will be GRANTED, though Plaintiffs will be given leave to amend, and the remaining Defendants will be dismissed from this lawsuit without prejudice.

**I.    BACKGROUND**

Plaintiffs appear to have brought this lawsuit in an attempt to invalidate the foreclosure proceedings initiated by Defendants. The Complaint, which Plaintiffs style as a "civil and criminal complaint" (Compl. 13, ECF No. 1)[1], is largely incoherent and borrows heavily from the Complaint that the Court dismissed in *Wrzesinski v. Home Finance of America*, No. 2:10-cv-01052-GMN-RJJ, 2010 WL 5101037 (D. Nev. Dec. 07, 2010). Plaintiffs make unconvincing "show me the note" arguments; references to fraud, racketeering, and admiralty law; and allegations of criminal wrongdoing. Yet, it is impossible to glean from the rambling Complaint exactly what claims Plaintiffs are bringing.

/ / /

---

[1] There are no page numbers in the Complaint, so the page numbers used in this Order reflect the numbers assigned by the CM/ECF system.

## II. DISCUSSION

### A. Rule 4(m) Dismissals

On April 26, 2011, the Court issued a Notice of Intent to Dismiss Pursuant to Rule 4(m) (ECF No. 12). In that Notice, the Court informed Plaintiffs that no proof of service had been filed with regard to any of Defendants and that the lawsuit would be dismissed without prejudice unless Plaintiffs filed proof of service as to each of them by May 26, 2011. That date has passed and Plaintiffs have only filed proof of service as to Defendant Wells Fargo, N.A. ("Wells Fargo"). (*See* ECF No. 13.) Accordingly, the remaining un-served Defendants--T.D. Services Company and American Securities Company of Nevada--are hereby dismissed from this lawsuit without prejudice.

### B. Wells Fargo's Motion to Dismiss

As a preliminary matter, Plaintiffs' Response (ECF No. 7) to Wells Fargo's Motion to Dismiss fails to address the substantive arguments set forth in the Motion. Instead, Plaintiffs' Response merely levels additional factual allegations against Defendants without addressing the merits of Wells Fargo's Motion. Because Plaintiffs have failed to respond properly to Wells Fargo's Motion, the Motion can be granted. *See* D. Nev. R. 7-2(d).

#### 1. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action when the plaintiff fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, a court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*,

792 F.2d 896, 898 (9th Cir. 1986).

The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Thus, a complaint may be dismissed if it is so "verbose, confused and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)).  Such is the case with the Complaint currently before the Court.

### 2.  *The Complaint Must Be Dismissed*

The Complaint is insufficient to give the Court and the opposing parties notice of what causes of action Plaintiffs are alleging and against whom those claims are being alleged. Plaintiffs make generalized grievances regarding fraud and malicious prosecution, but also devote four (4) largely uninterrupted pages to quoting federal statutes verbatim, including little to no guidance as to how those statutes relate to the facts of this case or the causes of action that Plaintiffs might be alleging against Defendants.  Although these statutes might somehow

be related to the mentions of racketeering included in the Complaint, the Complaint is far from clear in this regard.  Further, it is unclear which of these statutes and grievances apply to each party, and, therefore, the Complaint does not put Wells Fargo on adequate notice of what claims are pending against it.

This is exactly the sort of Complaint that Judge Kleinfeld warned about in *McHenry*.  A judge could spend a full day trying to sort through the allegations and statutes cited in this Complaint in an effort to determine what Plaintiffs are claiming and Wells Fargo could do the same, but it is still unlikely that the judge and all of the parties would have a similar view of exactly what causes of action are being pleaded in this Complaint.  It is jumbled and largely unintelligible, and its substance, if it exists, is extremely difficult to decipher.  As such, Wells Fargo is not put on adequate notice of the claims against it, and this Complaint must be dismissed.  Plaintiffs will have until June 27, 2011 to file an Amended Complaint.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** and the Plaintiffs have until June 27, 2011 in which to amend the Complaint.  The Motion to Dismiss (ECF No. 3) is **GRANTED** to the extent it conforms to this Order.  Plaintiffs are advised to follow all of the relevant Local Rules and to lay out each of their causes of action--and the defendants that each applies to--in a coherent, systematic manner, being certain to allege facts showing that such a cause of action is plausible, not just possible.  Plaintiffs should also be certain to note in the Amended Complaint whether it is designed to initiate a criminal or a civil action.

**IT IS FURTHER ORDERED** that the Court will cause this dismissal to become with prejudice if Plaintiffs do not file an Amended Complaint by **June 27, 2011**.

**IT IS FURTHER ORDERED** that Defendants T.D. Services Company and American Securities Company of Nevada are **DISMISSED** from this lawsuit **without prejudice**.

**DATED** this 10th day of June, 2011.

_____
Gloria M. Navarro
United States District Judge